## WHITMIRE v. THRAVES et al.

No. 13870—Opinion Filed April 7, 1925.

Rehearing Denied July 7, 1925.

### Appeal and Error—Disposition of Cause.

Held. the judgment herein is not clearly against the weight of the evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Sarah Whitmire against W. V. Thraves et al. From judgment for defendants, plaintiff appeals. Affirmed.

W. A. Chase and A. B. Campbell, for plaintiff in error.

Allen & Brady, for defendants in error.

Opinion by ESTES, C. Plaintiff. Sarah Whitmire, nee Stroud, sued defendants to recover title and possession of 80 acres, alleging that the deed executed by her, under which defendants held, was procured by fraud, and was also void because of the homestead character of the land, her husband not having joined her in the deed. This deed was to Mason James in 1910, under whom by mesne conveyances, defendant Vore held title to the land in 1919 when this equitable proceeding was brought to cancel said deed and mortgage given to Dickerson-Reed-Randerson Company and by it assigned to defendant Ryan, trustee. The court, trying the cause without a jury, found against plaintiff on both of said issues and rendered judgment quieting title in defendants against plaintiff. Plaintiff's appeal involves only the weighing of the evidence on said two issues.

We deem it unnecessary to state more than the briefest summary of the evidence. Plaintiff, the Cherokee freedman allottee of the land, testified that she was a domestic in the home of an attorney, Mr. Thraves, who procured the Mason James deed without consideration, and by representing to plaintiff that she was signing a receipt for wages and other matters, which, if true, constitute fraud. There is no satisfactory corroboration of plaintiff by other evidence, nor is her testimony unshaken by circumstances. On behalf of defendants, there is evidence tending to show that plaintiff knew she was signing the Mason James deed; that the consideration was the payment of an overdue mortgage on the land for $302, and interest for several years, the payment of an attorney fee of $100 to Thraves, secured by mortgage on the land, delinquent taxes, and some money. While the 80 acres was practically unimproved, and within the borders of a big pasture, its value, under the evidence, was about $700 in 1910, when plaintiff conveyed to James. There is no positive proof that the difference in value was paid to plaintiff—simply the general statement of Thraves that he paid for James some money to plaintiff for the difference between the two mortgages on the land and the delinquent taxes on one hand and the said value recited in the deed. Although Thraves, after the conveyance, procured two mortgages on the land from James, and the circumstances otherwise show an undue interest on his part in James and the land, the record tends to show, as he testified, that he acted for plaintiff in the sale. For that reason, we cannot hold him and the other defendants to the burden of showing the fairness of the transaction on the ground of his confidential relations as attorney for plaintiff. We suspect this plaintiff was, in part, defrauded of her land, but cannot so hold because of the lack of positive proof or circumstances to make out such theory. It is also quite clear that plaintiff abandoned the land as her homestead prior to the execution of the deed, although she lived thereon in a tent for a short time thereafter. She testified that she paid the taxes on the land for about ten years, whereas the proof is clear that she paid only the taxes of 1909. James executed several mortgages on the land, one of which was foreclosed, and the present owner and mortgagee hold under the grantee in the sheriff's deed. For many years prior to the filing of this suit plaintiff had asserted no positive claim to the real estate, during which time various conveyances and mortgages had been made thereon, one foreclosed, and during which time it is difficult, from this record, to determine who had the actual possession of the land, and

during which time plaintiff had actually resided in another neighborhood. Said judgment is not clearly against the weight of the evidence and, under the familiar rule, same cannot therefore be disturbed by this court.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 900 § 2869.